UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEVON DELSHA ROGERS,

    Petitioner,

vs.                                                Case No.:    3:16-cv-1360-J-34JBT
                                                                           3:08-cr-135-J-34JBT

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Devon Delsha Rogers's second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1, Motion to Vacate).[1] Rogers claims he is "actually innocent" of his sentence as a career offender under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. Rogers contends that he is entitled to relief from his sentence under Clarke v. United States, 184 So. 3d 1107 (Fla. 2016), where the Florida Supreme Court answered a certified question from the Eleventh Circuit Court of Appeals about whether a guilty plea with adjudication withheld counts as a "conviction" under state law for purposes of the Florida statute prohibiting possession of a firearm by a convicted felon. The Florida Supreme Court answered the question in the negative, holding that "a guilty plea for a felony for which adjudication was withheld does not qualify as a 'conviction' under that statute." Id. at 1116. Rogers contends that he is no longer eligible for the career offender enhancement because two

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Devon Delsha Rogers, Case No. 3:08-cr-135-J-34JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:16-cv-1360-J-34JBT, will be denoted as "Civ. Doc. __."

1

of the prior "convictions" used to impose the career offender enhancement involved a withhold of adjudication, and as such, no longer qualify as "convictions." Motion to Vacate at 4, 9.

Rogers has previously moved to vacate his sentence under 28 U.S.C. § 2255. (See Case No. 3:10-cv-382-J-34TEM, Doc. 1). The Court dismissed the first motion to vacate because a valid collateral-review waiver barred his claims. (Case No. 3:10-cv-382-J-34TEM, Doc. 26). Rogers did not appeal the dismissal of his first motion to vacate. Thus, before filing the instant Motion to Vacate, Rogers was required to apply to the Eleventh Circuit Court of Appeals for permission to file a second or successive motion to vacate. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Rogers did apply for authorization to file a second or successive motion to vacate based on Johnson v. United States, 135 S. Ct. 2551 (2015), but the Eleventh Circuit denied that application on July 28, 2016. (Crim. Doc. 62, USCA Order). Rogers has neither sought nor obtained permission to file a second or successive motion to vacate based on Clarke.

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). Because the Eleventh

2

Circuit has not authorized Rogers to file a second or successive motion to vacate, the Court lacks jurisdiction over the current § 2255 motion.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Devon Delsha Rogers's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of October, 2016.

*MARCIA MORALES HOWARD*
United States District Judge

Lc 19

Copies:

Counsel of record
Pro se petitioner